110 F.3d 68
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
M/A-COM, INC.; M/A-COM Omni Spectra, Inc.,
Plaintiffs-counter-defendants-Appellees,
v.
C.W. SWIFT & ASSOCIATES, INC., Defendant-counter-claimant-Appellant.
 No. 95-56524.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 5, 1997.
Decided March 27, 1997.
 
 Before: SCHROEDER, FERGUSON, LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 C.W. Swift & Associates, Inc. ("Swift") appeals the district court's grant of summary judgment in favor of M/A-COM, Inc. and M/A-COM Omni-Spectra, Inc. (collectively, "M/A-COM"). After terminating its distributorship agreement with Swift, M/A-COM demanded payment from Swift of more than $500,000 in unpaid invoices. It is not disputed that M/A-COM made the deliveries, properly demanded payment, and was never paid. Nor is there any allegation of defects in the goods that would have excused Swift's non-payment, or allowed it to claim set-off under Cal.Com.Code § 2717 (West 1997). Rather, Swift claims a right of set-off under Section 2717 for damages allegedly resulting from an alleged breach by M/A-COM of Paragraph 10(F) of the distributorship agreement. Paragraph 10(F) provided that, if a terminated distributor satisfied certain conditions, M/A-COM would repurchase that distributor's unsold inventory.
 
 
 3
 The district court granted summary judgment for M/A-COM on the ground that Section 2717 did not authorize Swift to claim a set-off of claimed obligations under Paragraph 10(F). The statute authorizes a set-off of damages "resulting from any breach of the contract" against the "price still due under the same contract." Cal.Com.Code § 2717. The district court reasoned that the distributorship agreement was not the "same contract" as the sale transaction for which the unpaid amounts were due.
 
 
 4
 We need not, however, reach the "same contract" issue because, under the terms of the distributorship agreement itself, in order to trigger M/A-COM's obligation to repurchase the inventory, Swift was first required to furnish M/A-COM with an itemized inventory of the products Swift wished M/A-COM to repurchase. Swift has never provided M/A-COM with such a list, nor has it tendered any inventory to M/A-COM. Therefore, regardless of whether the distributorship agreement and the underlying sale transaction constitute the "same contract" for purposes of Section 2717, Swift is not entitled to set-off for an alleged breach of Paragraph 10(F) because M/A-COM has no current obligation to repurchase inventory from Swift.
 
 
 5
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3